2001 ME 25

**In re WILLIAM P.**

Supreme Judicial Court of Maine.

Submitted on Briefs Dec. 13, 2000.
Decided Jan. 31, 2001.

Randy G. Day, Garland, for appellant.

G. Steven Rowe, Attorney General, Matthew Pollack, Asst. Attorney General, Geoffrey Goodwin, Asst. Attorney General, Augusta, for appellee.

Tonya Johnson, C.W. & H.M. Hayes, Dover–Foxcroft, Guardian ad Litem.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

PER CURIAM.

[¶ 1] The father of William P. appeals from a judgment of the District Court (Dover–Foxcroft, *Gunther, J.*) terminating his parental rights. The father requested that his attorney, who represented him in this and a previous termination proceeding, appeal the termination order. The attorney signed and filed a notice of appeal and submitted a brief to this Court stating: "Counsel for appellant has reviewed the record and finds no issue worthy of appeal." This brief resembles a so-called "*Anders* brief," which a court-appointed criminal defense attorney may file if he finds his client's appeal to be frivolous. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The Supreme Court established the following procedure for counsel in such circumstances:

> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent

and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal. *Id.* The Supreme Court of the United States has recently qualified *Anders* and held that "the States are free to adopt different procedures, so long as those procedures adequately safeguard a defendant's right to appellate counsel." *Smith v. Robbins,* 528 U.S. 259, 265, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

■ [¶ 2] An attorney is bound only to provide *ethical* representation. *See State v. Gilcott,* 420 A.2d 1238, 1240 (Me.1980) ("Counsel have no duty to support a motion having no basis in fact ...."); 4 M.R.S.A. § 806 (1989) (requiring Maine attorneys to swear not to "wittingly or willingly promote or sue any false, groundless or unlawful suit nor give aid or consent to the same"). The Rules of Professional Responsibility do not compel an attorney to advance arguments if the attorney lacks a good faith belief that the arguments are valid. *See* M. Bar R. 3.5(c)(1) (providing that an attorney may withdraw if "[t]he client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law").

■ [¶ 3] In this case there is no indication that the father's attorney took such basic and minimal steps as furnishing a copy of the brief to the father or notifying the father of his right to seek appointment of other counsel or advising the father of

his right to raise issues on his own. We do not today decide the applicability of *Anders* to these proceedings or the precise procedure to be followed by parents' counsel in an appeal from an order terminating parental rights when counsel is of the opinion that the appeal is without merit. However, we will stay further proceedings on this appeal until the father's attorney complies with the following procedure: If the father's attorney believes in good faith that there is no basis for appeal, he shall affirmatively represent within fourteen days of the date of this opinion that he has (1) served his client with a copy of his brief and (2) advised his client that, if the client believes he has valid grounds for appeal, he has fourteen days to file with the Clerk of the Law Court a description of the grounds he wishes to raise on appeal and a request for the appointment of new counsel if he desires new representation.[1]

The entry is:

Judgment withheld pending further briefing consistent with this opinion.

---

1. We invite the Attorney General to submit a brief commenting on the applicability of *Anders* and what procedure the Attorney General would propose in these cases. The brief could also address whether, in this case, there is sufficient evidence in the record supporting the judgment and whether the judgment reflects any errors of law.