MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:       2014 ME 128
Docket:         Oxf-14-75
Submitted
 On Briefs:     October 27, 2014
Decided:        November 13, 2014

Panel:          SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, and JABAR, JJ.

## IN RE M.C.

ALEXANDER, J.

[¶1]   The father of M.C. appeals from a judgment of the District Court (Rumford, *Carlson, J.*) terminating his parental rights pursuant to 22 M.R.S. § 4055(1)(A)(1)(a), (B)(2) (2013).   After reviewing the evidence in this case, and the appropriate briefing process utilized by the father's counsel on appeal, we affirm.

## I.  CASE HISTORY

[¶2]   The court held a termination of parental rights hearing on January 21, 2014, during which it heard testimony from the child's foster parents and a Department of Health and Human Services caseworker.   At the termination hearing, the father was represented by counsel.

[¶3]   The father received proper notice of the termination proceedings, but at the time of the termination hearing he was incarcerated in Massachusetts, pending trial on multiple felony charges.   He had not been in contact with his attorney since

2

August 2013. Despite multiple efforts to communicate with the father, including mailed communications to the facility where he was incarcerated, counsel had received no response from the father regarding the child protection proceedings. During this same time, however, the father had sent correspondence to the child's foster home. Accordingly, the court could have properly inferred that the father had received notice of the termination proceeding and of his opportunity to participate in the proceeding,[1] and had chosen to ignore the notices. *See Graybar Elec. Co. v. Sawyer*, 485 A.2d 1384, 1387 (Me. 1985) (stating that evidence that a letter or notice, properly addressed, was mailed supports a presumption that the letter or notice was received by the addressee).

[¶4] The evidence at the termination hearing demonstrated that, when he was not incarcerated, the father engaged in domestic violence and substance abuse in front of the child and had on occasion been intoxicated while caring for the child. Although he had significant substance abuse problems, the father refused to recognize his substance abuse as a concern or problem with his parenting. While he was not incarcerated, he had failed to participate in good faith in offered rehabilitation and reunification efforts by not attending certain family team meetings or engaging in treatment for substance abuse. In addition, his continued

---

[1] Although he was incarcerated, the father's participation by remote communications technology from his place of incarceration could have been arranged had he indicated any desire to participate. *See In re A.M.*, 2012 ME 118, ¶¶ 20-27, 55 A.3d 463.

incarceration rendered him unable to meet the child's needs or to protect the child from jeopardy at the hands of his mother.

[¶5] The court entered its order terminating parental rights on February 7, 2014, on the grounds that the father was unwilling or unable to take responsibility for the child in a time frame calculated to meet the child's needs and that termination of parental rights was in the best interest of the child. Pursuant to the termination order, the permanency plan for the child is adoption by his current foster parents. The father timely appealed the order pursuant to 22 M.R.S. § 4006 (2013) and M.R. App. P. 2(b)(3).

## II. PROCEDURE ON APPEAL

[¶6] On June 3, 2014, counsel for the father filed an appellate brief containing only a procedural history and statement of facts, accompanied by a motion for enlargement of time to allow the father to personally file a supplemental brief. Counsel stated in his motion that he did not find any arguable issues on appeal and was filing the motion and statement of facts according to the process identified in *In re William P.*, 2001 ME 25, ¶ 3, 765 A.2d 76. We granted the motion on June 6, 2014, to allow the father to personally file a brief on or before July 11, 2014. The father did not file a supplemental brief, and on July 21, 2014, we ordered that we would consider the appeal on the counsel for the father's brief, without any briefing by the Department.

4

[¶7] The process utilized by the father's counsel in this appeal was proper and in line with our past precedent for addressing appeals of questionable merit in cases involving fundamental constitutional rights when, as a matter of due process, a party has a right to have an appeal heard. When a parent's attorney in a child protection case believes, in good faith, that there are no arguable issues of merit in an appeal, counsel should:

1. File with the Court, with a copy to the client, a brief outlining the factual and procedural history of the case, and including a statement that counsel believes that there are no arguable issues of merit for an appeal.

2. Provide the client with notice that, if the client believes that there is a valid ground for appeal, the client should file (a) a brief with this Court identifying the issues the client wishes to raise on appeal, and (b) a request for the appointment of new counsel if the client desires new representation.

3. Request from this Court a reasonable extension of time for filing the appellant's brief to allow the client time to prepare and file a separate brief addressing the issues on appeal from the client's perspective.

*See In re William P.*, 2001 ME 25, ¶ 3, 765 A.2d 76; *see also State v. Hofland*, 2012 ME 129, ¶¶ 13-17, 58 A.3d 1023; *see generally State v. Junkins*, 2001 ME 133, 779 A.2d 948 (addressing the appropriate process to address appeals, or issues on appeal, that counsel determines may lack merit in criminal cases).

[¶8]  Counsel did as we have suggested in this case.  The father was given the opportunity to but did not file a separate brief by the time allowed by our grant of the motion for extension of time to file his brief.  The matter is now in order for decision.  The record supports the court's findings, to the clear and convincing evidence standard, that at least one ground of parental unfitness is proved.  *See* 22 M.R.S. § 4055(1)(B)(2)(b)(ii); *In re Michaela C.*, 2002 ME 159, ¶¶ 17-23, 809 A.2d 1245.  Further, there was ample evidence in the record to support the court's finding that termination of the father's parental rights was in the child's best interest.  *See* 22 M.R.S. § 4055(1)(B)(2)(a); *In re Charles G.*, 2001 ME 3, ¶ 14, 763 A.2d 1163.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Christopher W. Dilworth, Esq., Farmington, for appellant father

The Department of Health and Human Services did not file a brief

Rumford District Court docket number PC-2012-2
FOR CLERK REFERENCE ONLY