MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:    2018 ME 6
Docket:      Ken-17-299
Submitted
  On Briefs:  January 11, 2018
Decided:     January 23, 2018

Panel:       ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

IN RE DANTE C. et al.


PER CURIAM

[¶1]  The mother of Dante C. and Delia-Marie C. appeals from a judgment of the District Court (Waterville, *Stanfill, J.*) terminating her parental rights pursuant to 22 M.R.S. § 4055(1)(A)(1)(a) and (B)(2) (2017).  After reviewing the evidence, we affirm.

[¶2]  The court held a hearing on the Department's petition for the termination of the mother's parental rights on June 14, 2017.  Despite the fact that she had been served with the petition to terminate her parental rights and received notice of the hearing, the mother failed to appear at the proceeding.

[¶3]  The evidence presented at the termination hearing demonstrated that the mother had not maintained meaningful contact or had any visitation with the children since November 2016.  The mother had shown a significant lack of engagement with the reunification process throughout the case.

Following the January 2016 jeopardy order, the reunification plan required that the mother address issues related to housing for the children, domestic violence and her ability to protect the children from violence, and her substance abuse and mental health issues. There was no evidence that the mother engaged in any services to address those issues or that she secured stable or appropriate housing for the children.

[¶4] After considering the testimony presented at the hearing and reviewing the entirety of the record, the court found by clear and convincing evidence that (1) the children have been abandoned by the mother; (2) the mother is unwilling or unable to protect the children from jeopardy and these circumstances are unlikely to change within a time calculated to meet the children's needs; (3) the mother is unwilling or unable to take responsibility for the children within a time which is reasonably calculated to meet their needs; (4) the mother failed to make a good faith effort to rehabilitate and reunify with the children; and (5) termination of the mother's parental rights is in the best interests of the children. *See* 22 M.R.S. § 4055(1)(B)(2). The court entered its order terminating parental rights as to the mother on

June 23, 2017. The mother timely appealed the order pursuant to 22 M.R.S. § 4006 (2017) and M.R. App. P. 2(b)(3) (Tower 2016).[1]

[¶5] On August 25, 2017, pursuant to the process outlined in *In re M.C.*, 2014 ME 128, ¶¶ 6-7, 104 A.3d 139, counsel for the mother filed an appellate brief containing only a statement of facts and procedural history, and a statement that counsel believed that there are no arguable issues of merit for an appeal. In an order dated August 31, 2017, we granted the mother an enlargement of time to file a supplemental brief. The mother did not file a supplemental brief,[2] and we granted the Department's motion requesting that we consider the appeal without briefing from the Department.

[¶6] The record supports the court's findings of parental unfitness as to the mother. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i)-(iv). Furthermore, there was sufficient evidence in the record to support the court's findings and discretionary determination that termination of the mother's parental rights

---

[1] This appeal was commenced before September 1, 2017, and therefore the restyled Maine Rules of Appellate Procedure do not apply. *See* M.R. App. P. 1.

[2] Counsel for the mother made numerous attempts to contact the mother and to personally serve the order granting the motion to permit supplemental briefing. The only communication counsel received was a Facebook message, from an account believed to be the mother's, stating: "I am letting you know I am not going to file an appeal. The kids are happy and doing great so I'm going to let it be." Counsel made several attempts to contact the mother to determine whether this statement was a stipulation to the dismissal of the appeal, but counsel was unable to make contact. Because the Facebook message does not constitute an unambiguous stipulation to the dismissal of the mother's appeal, we consider the appeal.

was in the children's best interests.  *See In re Caleb M.*, 2017 ME 66, ¶ 33, 159 A.3d 345; *see also* 22 M.R.S. § 4055(1)(B)(2)(a).

The entry is:

Judgment affirmed.

_____

Elyse M. Apantaku, Esq., Schneider & Brewer, Waterville, for appellant mother

The Department of Health and Human Services did not file a brief

Waterville District Court docket number PC-2015-33
FOR CLERK REFERENCE ONLY