MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2018 ME 33
Docket:       Som-17-396
Submitted
  On Briefs: February 26, 2018
Decided:      March 15, 2018

Panel:        ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

IN RE CHILDREN OF ALICE R.


PER CURIAM

[¶1]  The mother and father of a son appeal from a judgment of the District Court (Skowhegan, *Stanfill, J.*) terminating their parental rights to the child pursuant to 22 M.R.S. § 4055(1)(A)(1)(a) and (B)(2)(a), (b)(i), (b)(ii) (2017).  The mother also appeals from a judgment of the District Court (Skowhegan, *Stanfill, J.*) finding jeopardy to their daughter's health and welfare pursuant to 22 M.R.S. § 4035 (2017).  After reviewing the evidence, we affirm.

[¶2]  The court held a consolidated hearing on the Department's petitions for the termination of the parents' parental rights to their son and for a jeopardy order in the child protection case regarding their daughter on June 26 and 27, 2017.[1]

---

[1]  The daughter was born after the Department filed a petition to terminate the mother's and father's parental rights to their son.

2

[¶3]   Based on the testimony presented at the hearing and other competent evidence in the record, the court found by clear and convincing evidence that (1) the parents were unwilling or unable to protect their son from jeopardy and these circumstances are unlikely to change within a time which is reasonably calculated to meet his needs; (2) the parents are unwilling or unable to take responsibility for their son within a time which is reasonably calculated to meet his needs; and (3) termination of their parental rights is in the best interest of their son. *See* 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i), (b)(ii).  The court also found, by a preponderance of the evidence, that their daughter was in circumstances of jeopardy to her health and welfare. *See* 22 M.R.S. § 4035(2). The court based both its termination decision and its jeopardy determination on the following findings of fact:

> In order to reunify, both parents were required to participate in individual counseling, participate in Maine Families, take parenting classes, and secure a safe, stable home environment free from emotional dysregulation.  [The father's] counseling was to include a component for risk reduction of sexual re-offense.  Later in the case, domestic violence education was added for [the mother].  Although the parents have participated in many of the service requirements, the court finds that their participation was incomplete, that they have failed to acquire the necessary basic skills to be safe parents, and that [the father] continues to pose a significant risk of violence to his family.
>
> [D]espite parenting classes and "hand over hand" supervision, both parents still need a great deal of prompting after

over a year in order to parent. [The mother] in particular still needs assistance or prompting in how to hold a baby, to burp the baby, to support the baby's head, to change diapers, and to prepare a bottle. . . . While [the father's] skills are better, he also continues to need prompting in caring for the children after all this time. The supervisors have had to step in with safety concerns. In short, the court is persuaded that although these parents love their children very much, neither parent has the basic parenting skills needed to safely raise their children. Moreover, those circumstances are unlikely to change given the extensive interventions that have occurred over the last 16 months or so without much success.

The court is also concerned about past abuse as well as [the father's] potential for violence to his family in the future. [The father] has two domestic violence convictions involving a past partner. He was convicted of an assault as a juvenile that involved sexual abuse of a young child. He was evaluated in connection with this case, and the court is persuaded he is at very high risk for recidivism and violence.

The court believes there has been threatening and coercive behavior in [the mother and father's] relationship, if not actual violence. Although [the mother] now denies any abuse in the relationship, she certainly was saying differently in January when the Guardian ad litem, her lawyer, the case worker and her case manager were all involved in trying to help her leave [the father]. [The father] admits he threatened to burn her belongings; [the mother] denies he would ever do such a thing.

Most importantly, neither parent admits any abusive behaviors in this relationship, and neither demonstrates any insight that would prevent such behaviors in the future. The court is particularly struck by [the father's] assertions to this court and to others that he would never be violent to a child because they are too young to speak up and stress him out. Rather, he asserts he is only violent with adults because they know what buttons to push, an assertion that provides little reassurance as to the future for this family.

[¶4]  Both parents timely appealed the order terminating their parental rights to their son; only the mother timely appealed the court's judgment finding jeopardy to their daughter's health and welfare.  *See* 22 M.R.S. § 4006 (2017); M.R. App. P. 2B.  On November 13 and 14, 2017, pursuant to the process outlined in *In re M.C.*, 2014 ME 128, ¶¶ 6-7, 104 A.3d 139, counsel for the mother and counsel for the father filed appellate briefs outlining the factual and procedural history of the case and stating that they believed that there are no arguable issues of merit for an appeal.  In an order dated November 17, 2017, we granted both parents an enlargement of time to file supplemental briefs.  Neither parent filed a supplemental brief, and we granted the Department's motion requesting that we consider the appeal without briefing from the Department.

[¶5]  The record evidence supports the court's findings of parental unfitness and its discretionary determination that termination of the parents' parental rights was in their son's best interest.  *See In re Caleb M.*, 2017 ME 66, ¶ 33, 159 A.3d 345.  Further, the court's jeopardy findings are supported by competent evidence in the record that can rationally be understood to establish as more likely than not that their daughter was in circumstances of jeopardy to her health and welfare.  *See In re Nicholas S.*, 2016 ME 82, ¶¶ 9, 13,

140 A.3d 1226 (holding that a court may make a jeopardy determination with respect to one child by relying on evidence of a parent's behavior toward another child).

The entry is:

Judgments affirmed.

---

Elissa J. Roberts, Esq., Schneider & Brewer, Waterville, for appellant Mother

Caitlin Ross Wahrer, Esq., Chester & Vestal, P.A., Portland, for appellant Father

The Department of Health and Human Services did not file a brief

Skowhegan District Court docket number PC-2016-9
FOR CLERK REFERENCE ONLY