MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:       2018 ME 135
Docket:         Ken-18-127
Submitted
  On Briefs:    September 26, 2018
Decided:        October 4, 2018

Panel:          SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.


IN RE CHILD OF MARANATHA K.


PER CURIAM

[¶1]  Maranatha K. appeals from a judgment of the District Court (Augusta, *Fowle, J.*) terminating her parental rights to her child.[1]  After reviewing the evidence, we affirm.

[¶2]  The Department of Health and Human Services filed a child protection petition in August 2016, when the child was eleven years old.  *See* 22 M.R.S. § 4032 (2017).  In December 2016, the court (*E. Walker, J.*) entered a jeopardy order, by agreement, placing the child with a relative.  The Department filed a petition for termination of the mother's parental rights on July 7, 2017.  *See* 22 M.R.S. § 4052 (2017).  On March 9, 2018, the court (*Fowle, J.*) held a hearing on the Department's petition for termination of the

---

[1]  The child's father died before this child protective action began; therefore, the following procedural history and factual findings concern only the mother.

2

mother's parental rights. Notwithstanding proper notice being provided to her, the mother failed to appear at the hearing.

[¶3] On March 15, 2018, the court granted the Department's petition to terminate the mother's parental rights. *See* 22 M.R.S. § 4055(1)(B)(2) (2017). Based on the testimony presented at the hearing and other competent evidence in the record, the court found by clear and convincing evidence that (1) the mother is unwilling or unable to protect the child from jeopardy and these circumstances are unlikely to change within a time which is reasonably calculated to meet the child's needs; (2) the mother is unwilling or unable to take responsibility for the child within a time which is reasonably calculated to meet the child's needs; (3) the child was abandoned by the mother; (4) the mother failed to make a good faith effort to rehabilitate and reunify with the child; and (5) termination of the mother's parental rights is in the best interest of the child. *See* 22 M.R.S. §§ 4002(1-A), 4041, 4055(1)(B)(2)(a), (b)(i)-(iv) (2017). In addition, the court found that jeopardy would still exist if the child was returned to the mother. *See* 22 M.R.S. § 4035(2) (2017).

[¶4] The court based its decision on the following factual findings, which are supported by competent evidence in the record:

Jeopardy as to the mother was [her] inability and unwillingness to manage her substance abuse and mental health issues, and failure to identify how those issues negatively impacted her ability to safely parent [the child]. . . . [D]espite being offered substance abuse and mental health services including Family Treatment Drug Court, [the mother] did not participate in any of those services other than the Discovery House. According to the Discovery House records, the mother continued to test positive for heroin and cocaine throughout her time in treatment there. The court also heard testimony from . . . the relative foster care placement that [the child] is doing extremely well living with them, that [the child] is on the honor roll . . . and plays on several of the school sports teams. . . . The GAL testified it was in the best interest of [the child] that the Court terminates the mother's parental rights. . . .

The Court finds by clear and convincing evidence that the Department made reasonable efforts to rehabilitate and reunify the family and has made reasonable efforts to identify and pursue an alternative permanency plan . . . .

The Court further finds by clear and convincing evidence that throughout the case the mother made no progress in reunification efforts . . . and that jeopardy would still exist if the child was returned to [the] mother's care due in part to the mother's lack of participation in any reunification services.

The Court also finds that it is in the child's best interest for [the] mother's parental rights to be terminated for him to be adopted.

[¶5] The mother timely appealed. *See* 22 M.R.S. § 2006 (2017). On May 29, 2018, pursuant to the process outlined in *In re M.C.*, 2014 ME 128, ¶¶ 6-7, 104 A.3d 139, counsel for the mother filed a brief containing the factual and procedural history of the case, stating that she believed there are no

4

meritorious issues for appeal.  In an order dated May 31, 2018, we granted the mother an enlargement of time to file a supplemental brief.  The mother did not file a supplemental brief, and we granted the Department's motion to consider the appeal without briefing from the Department.

[¶6]  The record evidence in this case supports the court's factual findings of parental unfitness as well as its discretionary determination that termination of the mother's parental rights was in the child's best interest.  *See In re Children of Alice R.*, 2018 ME 33, ¶ 5, 180 A.3d 1085.  Accordingly, the court did not err or abuse its discretion in finding, to the clear and convincing standard, at least one ground of parental unfitness and that termination of the mother's parental rights was in the child's best interest.  *See In re M.C.*, 2014 ME 128, ¶ 8, 104 A.3d 139.

The entry is:

> Judgment affirmed.

---

Elizabeth S. Gray, Esq., The Law Office of Elizabeth S. Gray, Esq., Augusta, for appellant Mother

The Department of Health and Human Services did not file a brief.