MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2018 ME 159
Docket:       Aro-18-262
Submitted
  On Briefs:  November 28, 2018
Decided:      December 6, 2018

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, JABAR, HJELM, and HUMPHREY, JJ.

IN RE CHILDREN OF EDWARD F.

PER CURIAM

[¶1]  Edward F. appeals from a judgment of the District Court (Presque Isle, *Roberts, J.*) terminating his parental rights to his three children.[1]  We affirm the judgment.

[¶2]  In March 2017, the Department of Health and Human Services filed a petition for preliminary protection and a child protection petition with respect to the father's three children.  *See* 22 M.R.S. § 4055(1)(A)(1)(a) and (B)(2)(a), (b)(i), and (iv) (2017).  The petition alleged that the children were in jeopardy from their father due to an "immediate risk of serious harm due to threat of physical abuse, sexual abuse, emotional maltreatment and neglect." The court granted the Department's petition for a preliminary protection order, and the children were placed with the Department.

---

[1]  The Department did not seek to terminate the mother's parental rights.

[¶3]  In September 2017, the court (*Rushlau, J.*) entered a jeopardy order based on the father's issues with domestic violence, substance abuse, and inappropriate physical force used in discipline.  The court's permanency planning order included requirements that the father complete a mental health assessment, substance abuse assessment, sex offender risk evaluation, psychological evaluation, and an evaluation for a batterer's intervention program.  The father participated in the mental health evaluation but refused to engage in any other services.

[¶4]  The following January, the Department filed a petition for termination of the father's parental rights.  On June 11, 2018, the court (*Roberts, J.*) held a hearing on the Department's petition.  Notwithstanding proper notice being provided to him, the father failed to appear at the hearing.  Counsel appointed to represent the father did appear at the hearing.

[¶5]  On June 12, 2018, the court granted the Department's petition to terminate the father's parental rights. Based on the testimony presented at the hearing and other competent evidence in the record, the court found by clear and convincing evidence that (1) the father is unwilling or unable to protect the children from jeopardy and these circumstances are unlikely to change within a time which is reasonably calculated to meet the children's needs; (2) the

father failed to make a good faith effort to rehabilitate and reunify with the children; and (3) termination of the father's parental rights is in the best interests of the children. *See* 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i), and (iv).

[¶6] The court based its decision to terminate the father's rights on the following factual findings, all of which are supported by competent evidence in the record.

> The Court finds by clear and convincing evidence, that with respect to the father, . . . the State has met its burden of proof with respect to subsections 1 and 4. [The father's] relationship with [the mother] was marred by domestic violence to a degree which would jeopardize the children's safety. The arguments between the parents with screaming, angry behaviors had an impact on the children. [The father] used a belt on his children to a degree that was excessive and abusive. [The father] became angry and potentially violent when abusing alcohol. . . . The impact of all this [including other forms of abuse] on the children has been to cause delays developmentally. [The oldest and middle child] have been diagnosed with [serious mental health diagnoses] resulting from their violent home life. [The father's] visits with the children were discontinued in November of 2017, due to his aggressive behaviors and emails. The Department made reasonable efforts to reunify and rehabilitate the family. Those reasonable efforts regarding the father consisted of requests that he engage in assessments and counseling. [The father] attended a mental health assessment, but declined to participate in the recommended therapy. He refused to attend appointments for assessments related to substance abuse, sex offender risk evaluation or batterer's intervention. He indicated that he would not participate in any services arranged by the Department. He has exhibited quick frustration and anger before the court. He has chosen not to engage in the services that would enable him to be reunified with his children. His failure to

attend a TPR hearing demonstrates that his focus [is] on combat with the Department rather than reunification with his children.[2]

This court finds by clear and convincing evidence that DHHS offered [the father] appropriate services and referred [him] to providers. He was simply unwilling or unable to engage or make changes. This court finds that there is nothing more that DHHS could have done to assist [the father] in this case.

[The mother] attends individual mental health therapy. She has maintained employment. [The mother] is working with the children's therapist to attempt to understand and meet their emotional needs. [She] obtained a Protection from Abuse Order regarding [the father] and has called law enforcement twice regarding violations of the order. [The mother's] efforts at reunification with her children can only progress if [the father] is out of the picture. It is in the children's best interest to allow their mother the best opportunity for rehabilitation.

The children reside in the home of [their foster parents]. [The foster parents] have an understanding of the children's emotional needs and the vigilance required to monitor their behaviors. All three children arrived at the foster home with serious issues. The [foster parents] have supported their therapy while providing the safety and consistency that they need. The children have made significant progress. Their continued progress requires that they have no contact with their father.

The court must look at whether [the father] will be able to protect the children from jeopardy within a time reasonably calculated to meet their needs, and he cannot. . . . The children have been in DHHS custody for approximately 16 months. Each month is a long time in the lives of children of their ages. With no indication that [the father] intends to participate in the process of rehabilitation and reunification, it is apparent that he cannot

---

[2] The record contains evidence of violent and threatening emails sent by the father to individuals attempting to help his children.

alleviate jeopardy for the children within a time reasonably calculated to meet their needs.

. . . .

This court finds by clear and convincing evidence that [the father] is unable to protect [the children] from Jeopardy and these circumstances are unlikely to change within a time which is reasonably calculated to meet their needs. This court also finds by clear and convincing evidence that [the father] has failed to make a good faith effort to rehabilitate and reunify with the children.

Finally, the court finds that it is in the best interest [of the children] that their father's parental rights be terminated to allow their mother the best opportunity to rehabilitate and reunify with them.

[¶7]  The father timely appealed. *See* 22 M.R.S. § 4006 (2017); M.R. App. P. 2B(c)(1). Pursuant to the process outlined in *In re M.C.*, 2014 ME 128, ¶ 7, 104 A.3d 139, counsel for the father timely filed a brief containing the factual and procedural history of the case, stating that he believed that there are no meritorious issues for appeal. Counsel also filed a motion for an enlargement of time to allow the father to personally file a supplemental brief. Although we granted the father an enlargement of time to file a supplemental brief, the father did not do so by the deadline specified in the order.

[¶8]  Based on the facts that the court found, all of which have evidentiary support, the court did not err in finding that the father remains unable to protect the children from jeopardy within a time that is reasonably calculated

to meet their needs and has failed to make a good faith effort to rehabilitate and reunify with the children. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i) and (iv); *In re Thomas D.,* 2004 ME 104, ¶ 21, 854 A.2d 195. Nor did the court err or abuse its discretion in determining that the termination of the father's parental rights was in the children's best interests. *See* 22 M.R.S. § 4055(1)(B)(2)(a); *In re A.H.*, 2013 ME 85, ¶ 16, 77 A.3d 1012.

The entry is:

Judgment affirmed.

---

Christopher S. Berryment, Esq., Mexico, for appellant father

The Department of Health and Human Services did not file a brief

Presque Isle District Court docket number PC-2017-3
FOR CLERK REFERENCE ONLY