MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2019 ME 167
Docket:       Ken-19-291
Submitted
  On Briefs:  December 17, 2019
Decided:      December 19, 2019

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.


IN RE CHILD OF NICHOLE W.


PER CURIAM

[¶1]   Nichole W. appeals from a judgment of the District Court (Waterville, *Stanfill, J.*) terminating her parental rights to her child.[1]  *See* 22 M.R.S. § 4055(1)(A)(1)(a), (1)(B)(2)(a), (b)(i)-(iv) (2018).  The court did not err or abuse its discretion in terminating the mother's parental rights, and we affirm the judgment.

[¶2]   In January 2018, when the child was less than a month old, the Department of Health and Human Services filed a petition for a child protection order and requested a preliminary protection order because the mother had checked out of the hospital against medical advice and left her child at the hospital without arranging for the child's care.  *See* 22 M.R.S. §§ 4032, 4034(1)

---

[1] As of the time that the mother's parental rights were terminated, paternity of the child had not been established.  Service by publication was ordered on the same day that the termination order was entered.

(2018). The court (*Montgomery, J.*) entered a preliminary protection order granting custody of the child to the Department. *See* 22 M.R.S. § 4034(2) (2018).

[¶3] Although the mother was afforded the opportunity for a summary preliminary hearing, she did not appear. *See* 22 M.R.S. § 4034(4) (2018). Nor did she appear at the subsequent jeopardy hearing held in May 2018.[2] *See* 22 M.R.S. § 4035 (2018). Based on the evidence presented at that hearing, the court (*Stanfill, J.*) found the child to be in circumstances of jeopardy because the mother had missed visits with the child, including at the hospital; had made poor decisions about her own health; and had experienced housing instability and domestic violence without participating in services to alleviate these circumstances. The court ordered in late 2018 that the Department could cease reunification efforts with the mother because the mother had abandoned the child.

[¶4] The Department filed a petition for termination of the mother's parental rights in April 2019. Despite having notice of the July 2019 termination hearing, the mother did not appear. The court heard testimony

---

[2] Although the mother was present in the courthouse on that day, she was warned by a Judicial Marshal about her behavior and left the premises before the hearing began.

from the child's foster mother, the Department caseworker assigned to the mother, the mother's assigned community counseling caseworker, and the guardian ad litem.[3] The court terminated the mother's parental rights upon finding as follows:

> This case started [with] [the mother] having left the hospital . . . after giving birth and not seeing her newborn for a week. She has a long history of housing instability, mental health issues, and remaining in domestically violent relationships. The court has no evidence of any rehabilitation efforts, and it appears she remains without her own housing. Most importantly, she has abandoned her daughter. She has not seen her in well over a year and has no relationship with her. [The child] deserves permanency. She is thriving in her foster family. It is in her best interest to be freed for adoption.

[¶5] The mother timely appealed from the judgment but has not raised any arguments on appeal. Her counsel filed a brief, in accordance with the procedure outlined in *In re M.C.*, 2014 ME 128, ¶ 7, 104 A.3d 139, indicating the absence of any arguable issue of merit, and he notified the mother that she could file a separate brief if she believed there was a valid ground for appeal and could request the appointment of new counsel if she desired new representation. We entered an order authorizing the mother to file a separate

---

[3] Although the guardian ad litem's final report and three other previous reports were not admitted at trial, *see* 22 M.R.S. § 4005(1)(D) (2018), the court's findings are fully supported by witness testimony and the reports of the guardian ad litem that were properly admitted in evidence.

4

brief by October 17, 2019, but the mother did not do so. We granted the Department's motion to consider this appeal on the mother's brief without briefing from the Department.

[¶6] If a court finds multiple bases for parental unfitness, "we will affirm if any one of the alternative bases is supported by clear and convincing evidence." *In re M.B.*, 2013 ME 46, ¶ 37, 65 A.3d 1260. Here, the court found the mother unfit based on all four grounds of unfitness, *see* 22 M.R.S. § 4055(1)(B)(2)(b)(i)-(iv), and the evidence is sufficient to support all of those grounds, including abandonment.[4] *See* 22 M.R.S. § 4002(1-A) (2018). The evidentiary record further supports the court's determination that termination of the mother's parental rights is in the best interest of the child, who, by the time the judgment was entered, had spent the first year and a half of her young life in foster care. *See id.* § 4055(1)(B)(2)(a). We affirm the court's well-supported judgment.

The entry is:

Judgment affirmed.

---

[4] The other bases for termination are that the mother is "unwilling or unable to protect the child from jeopardy and these circumstances are unlikely to change within a time which is reasonably calculated to meet the child's needs," she "has been unwilling or unable to take responsibility for the child within a time which is reasonably calculated to meet the child's needs," and she "has failed to make a good faith effort to rehabilitate and reunify with the child pursuant to section 4041." 22 M.R.S. § 4055(1)(B)(2)(b)(i), (ii), (iv).

---

Christopher S. Berryment, Esq., Mexico, for appellant Mother

With leave of the Court, the Department of Health and Human Services did not file a brief

Waterville District Court docket number PC-2018-3
FOR CLERK REFERENCE ONLY