MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2020 ME 67
Docket:        Cum-19-482
Submitted
  On Briefs:   May 4, 2020
Decided:       May 12, 2020

Panel:         MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

IN RE CHILD OF SHAI F.


PER CURIAM

[¶1]  Shai F. appeals from a judgment of the District Court (Portland, *Powers, J.*) terminating her parental rights to her child.[1]  Counsel for the mother filed, in accordance with the procedure we outlined in *In re M.C.*, 2014 ME 128, ¶¶ 6-7, 104 A.3d 139, a brief indicating that there are no arguable issues of merit for appeal.  We entered an order permitting the mother to file a supplemental brief on or before February 19, 2020, but she did not do so.  Because the record supports the court's findings that the mother is an unfit parent and that termination of her parental rights is in the child's best interest, we affirm the judgment.

[¶2]  In June 2017, the Department of Health and Human Services filed a petition for child protection and preliminary protection orders.  *See* 22 M.R.S.

---

[1]  The child's father consented to termination of his parental rights in a judgment dated October 7, 2019.  He is not a party to this appeal.

2

§ 4032 (2020). The petition alleged that the mother had exposed her child to a dangerous situation involving a firearm and that the mother had intentionally avoided contact with the Department following that incident. The court (*Darvin, J.*) entered a preliminary protection order the same day and granted the Department custody of the child. *See* 22 M.R.S. §§ 4034(2), 4036(1)(F) (2020). The mother waived her right to a summary preliminary hearing, *see* 22 M.R.S. § 4034(4) (2020), and later consented to the entry of an order finding that the child was in circumstances of jeopardy in her care, *see* 22 M.R.S. § 4035 (2020). In December 2018, the Department petitioned to terminate the mother's parental rights. *See* 22 M.R.S. § 4052 (2020).

[¶3] The court (*Powers, J.*) held a one-day contested hearing on the termination petition in October 2019. Based on the evidence at the hearing, the court entered a judgment terminating the mother's parental rights to her child. In its written decision, the court made the following findings of fact. *See* 22 M.R.S. § 4055(1)(B)(2) (2020).

> [The child] [has a mental health diagnosis]. . . . All agree he needs structure and consistency in his routines. [The child] remains extremely active and likes to be outdoors. . . . He seems improved since receiving HCT in-home counseling services, which unfortunately have just ended. The family still needs outpatient counseling. Despite the above issues, [the child] and [the foster mother] have a bond. [The child] is learning to accept boundaries set by [the foster mother] and still requires a regular routine. [The

foster mother] is willing to become a permanent home for [the child] should [the mother's] parental rights be terminated.

[The child] has reacted badly at times to his mother's missed visits. [The mother] has had gaps of up to three months between visits. The mother now is required to confirm her upcoming attendance at visits to avoid having [the child] show up when his mother does not. The mother's visits have been suspended four times, typically because she has not properly accessed transportation to visit, resulting in missed visits. [The mother] becomes angry when visit suspensions occur. She at times has had twice weekly visits, but the current schedule is supervised contact once weekly for two hours. These have unfortunately been suspended since May 1, 2019.[2] [The child] enjoys the visits with his mother, which go well. . . . However, when asked about a living location, [the child] states that he likes living with [the foster mother].

. . . [The mother] has had multiple residence locations in southern Maine. She had lived in a motel room recently. [She] has been employed regularly at several jobs during this case. . . .

[The mother] has had on-going substance use problems throughout this case. Her long-time counselor had diagnosed her with cannabis dependence, and the mother admits she smokes marijuana daily. She admitted doing so on the day she testified. She has been tested for drugs and alcohol on at least five dates from December 2017 to May 2019. [The mother] denies using cocaine despite three positive tests for that illegal drug, a position

---

[2] Contrary to the court's finding, the Department's caseworker did not testify that the mother's weekly visits with the child have been suspended since May 1, 2019. In fact, the caseworker testified that the mother *began* once-weekly visits on that date. Because there is substantial other evidence that supports the court's finding that the mother failed to make a good faith effort to rehabilitate and reunify with the child, it is highly probable that the court's erroneous finding did not affect its ultimate conclusion. Therefore, the error was harmless. *See In re Child of Stephenie F.*, 2018 ME 163, ¶ 2 n.2, 198 A.3d 203. Moreover, the court's "misstatement does not undermine the other two grounds of parental unfitness found by the court, and each ground, standing on its own, supports a termination of parental rights." *Id.*

4

supported by her counselor/advocate. The mother remains in treatment for mental health and substance use issues with a counselor she has seen off and on since June 2018. This counselor has kept her as a client despite her history of "no shows". The counselor diagnosed her with major depressive disorder as well as cannabis dependence. [The mother] has attended her sessions sporadically. She has made some progress in learning to identify the stresses in her life and trying to make changes and communicate more confidently. Much of the mother's sadness revolves around not seeing her son. She seems to understand the negative impact on her son from her failure to attend scheduled mother/child visits.

The mother is asking the court for more time to reunify with her son. She thinks she could handle her behaviors differently from the past. [The mother] hopes to get an apartment of her own soon. Right now she has no such place that would be suitable for [the child].

Unfortunately, [the mother] has missed three of seven family team meetings. She has had a checkered history of attending counseling, child visits, drug testing, and family team meetings. She has not really progressed in any meaningful way regarding reunification efforts due to her lack of engagement. [The mother] was required to undergo her substance use and mental health counseling, have case management, get safe housing, visit her child, go to drug testing, and stay away from unsafe people. [The mother] has led an unstable life herself and has not been able to deal with her several issues, never mind her son's difficulties. She has at times not been cooperative with DHHS and has shown limited insight into her parenting deficits.

[¶4] Except where we have indicated otherwise, *see supra* n.2, the court's findings are supported by competent record evidence. *See In re Child of Nathaniel B.*, 2019 ME 120, ¶ 5, 212 A.3d 863. Based on these findings, the court

found by clear and convincing evidence that the mother is an unfit parent because (1) she is unable or unwilling to protect her child from jeopardy and these circumstances are unlikely to change within a time reasonably calculated to meet the child's needs; (2) she has been unable or unwilling to take responsibility for her child within a time that is reasonably calculated to meet the child's needs; and (3) she failed to make a good faith effort to reunify with the child. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i)-(ii), (iv). The court also found by clear and convincing evidence that termination of the mother's parental rights is in the child's best interest. *See id.* § 4055(1)(B)(2)(a). The court's supported findings are sufficient to support these determinations. *See In re Child of Nathaniel B.*, 2019 ME 120, ¶ 5, 212 A.3d 863.

The entry is:

Judgment affirmed.

---

Valerie A. Randall, Esq., Hanly Law, Portland, for appellant mother

With leave of the Court, the Department of Health and Human Services did not file a brief