MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:    2019 ME 15
Docket:      Som-18-271
Submitted
 On Briefs:  January 17, 2019
Decided:     January 29, 2019

Panel:       ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

IN RE CHILDREN OF BRADFORD W.

PER CURIAM

[¶1]  Katie and Bradford W. appeal from a judgment of the District Court (Skowhegan, *Nale, J.*) terminating their parental rights to their children pursuant to 22 M.R.S. §§ 4050-4056 (2017).  The father advances no arguments on appeal, and the mother argues that the District Court erred in taking judicial notice of prior proceedings.  We conclude that the court independently assessed all facts presented and that its determination that termination of parental rights was established by clear and convincing evidence is supported by the record.  We therefore affirm.

## I.  BACKGROUND

[¶2]  Following a four-day termination hearing that concluded on May 11, 2018, the court issued a judgment dated June 13, 2018, in which it found by clear and convincing evidence that the mother and father were unable to take responsibility for their children within a time reasonably calculated to

2

meet their children's needs and that it was in the best interests of the children that parental rights be terminated. *See* 22 M.R.S. § 4055(1)(B)(2)(a), (b)(ii). At the hearing, the Department requested that all guardian ad litem reports be admitted in evidence and that the court take judicial notice of all prior court orders in the case. Counsel for both the mother and the father stated that they had no objection. The court accordingly took judicial notice of its prior orders, the findings and conclusions of law in those orders, *see In re Scott S.*, 2001 ME 114, ¶ 13, 775 A.2d 1144, and the reports of the guardian ad litem, *see In re Children of Melissa F.*, 2018 ME 110, ¶ 2, 191 A.3d 348.

[¶3] The District Court included in its findings detailed descriptions of the children's medical and dental conditions, which were both numerous significant, and of each child's serious behavioral challenges. The court's finding of parental unfitness and its determination of the children's best interests were based upon the following findings of fact:

> [A]t trial the mother and father did not believe that they played any role in the Department removing the children from their care. . . .
>
> . . . [T]he father accepts very little responsibility for his children being in State custody. . . . [T]he father is unaware of any diagnoses of his son . . . .
>
> During the term of the Department's involvement in this matter, the father did very little, if anything at all, to learn of the many needs of his children. The father was provided all the medical

provider reports of his children. He failed to read any of them. . . . [T]he mother and father have very little insight as to the many needs of their children. Their lack of insight is their own doing.

. . . .

Despite all of the assistance the Department has offered, the parents, very late in the process, have only recently [begun] counseling with qualified mental health counselors and have not yet come to fully understand or accept how their behavior has so badly impacted their children. . . . [T]here is no time-line as to when the parents will have their own issues addressed to a level where they can begin to address the many issues that have burdened their children.

## II. DISCUSSION

[¶4] "We review the trial court's factual findings for clear error and its ultimate determination to terminate parental rights for an abuse of discretion." *In re Child of Ronald W.*, 2018 ME 107, ¶ 6, 190 A.3d 1029. On appeal, the mother challenges the sufficiency of the evidence supporting the court's factual findings, arguing that the court impermissibly adopted facts from prior proceedings. The father advances no arguments on appeal.

[¶5] At the outset, we note that the father's appellate counsel followed the appropriate briefing process for when counsel does not believe that there are any arguable issues on appeal in a termination of parental rights case:

When a parent's attorney in a child protection case believes, in good faith, that there are no arguable issues of merit in an appeal, counsel should: [(1) f]ile with the Court, with a copy to the client, a

> brief outlining the factual and procedural history of the case, . . . including a statement that counsel believes that there are no arguable issues of merit for an appeal[; (2) p]rovide the client with notice that, if the client believes that there is a valid ground for appeal, the client should file (a) a brief with this Court identifying the issues the client wishes to raise on appeal, and (b) a request for the appointment of new counsel if the client desires new representation[; and (3) r]equest from this Court a reasonable extension of time for filing the appellant's brief to allow the client time to prepare and file a separate brief addressing the issues on appeal from the client's perspective.

*In re M.C.*, 2014 ME 128, ¶ 7, 104 A.3d 139.

[¶6]   Here, on September 17, 2018, counsel for the father filed an appellate brief containing only a procedural history and statement of facts, accompanied by a motion for enlargement of time to permit the father to personally file a supplemental brief.  Counsel's brief concluded that he did not believe that there were any arguable issues on appeal.  We granted the motion to allow the father to personally file a supplemental brief on or before October 19, 2018.  Although he had the opportunity, the father did not file a supplemental brief.  *See id.* ¶ 8.

[¶7]  Regarding the issue on appeal, the mother, without citing authority and notwithstanding her counsel's waiver of any objection at the hearing,[1] contends that the District Court erred in taking judicial notice of prior

---

[1] The mother had the same counsel at trial and on appeal.

proceedings because in those proceedings the burden of proof was a preponderance of the evidence, whereas at the termination of parental rights stage the standard was clear and convincing evidence. *See* 22 M.R.S. §§ 4035, 4055 (2017).

In *Scott S.*, we held:

> When a court enters a judgment containing findings of fact and conclusions of law, those findings become a matter of judicial record. A judge may take judicial notice of any matter of record when that matter is relevant to the proceedings at hand. Particularly in the context of child protective proceedings, where the entire procedure occurs as a unified proceeding, a trial judge may, at any stage of the proceeding, take judicial notice of the findings and conclusions contained in any prior judgments or orders.

2001 ME 114, ¶ 13, 775 A.2d 1144 (citation omitted).[2] We explained that the Department's burden at most stages of a child protective case is to prove the necessary elements by a preponderance of the evidence, whereas "the court may not terminate a parent's rights unless it is persuaded by clear and convincing evidence that the Department has met its burden." *Id.* ¶ 14 (citing 22 M.R.S. §§ 4035, 4055). We thus concluded that "although the [trial] court

---

[2] A trial judge's authority to take judicial notice of findings of fact and conclusions of law is distinct from the judge's authority to consider *evidence presented* in a previous stage of a child protective proceeding—the latter is limited to cases where the same trial judge heard the evidence presented. *See In re Caleb M.*, 2017 ME 66, ¶¶ 23-24, 159 A.3d 345; *In re Scott S.*, 2001 ME 114, ¶ 12, 775 A.2d 1144. At issue in this case is the consideration of factual findings, not evidence.

may take judicial notice of prior findings in a termination proceeding, it must independently assess all facts presented and must be confident to a clear and convincing standard that the evidence taken as a whole is sufficient to meet the strict statutory prerequisites for terminating parental rights." *Id.*

[¶8]  That standard was met in *Scott S.* when the trial court heard evidence of the mother's continuing inability to protect her children from jeopardy.  *Id.* ¶ 15.  We reasoned that the "evidence related to events that occurred after the jeopardy order was entered" and that "[t]he court did not rely on the original findings, instead it had before it new evidence of the parents' abilities." *Id.*

Similarly, in this case the court stated that it

subjected all the evidence it considered to the scrutiny required for the clear and convincing evidence standard used during a termination of parental rights proceeding.

The [c]ourt reviewed the circumstances surrounding the filing of the Petition for Termination of Parental Rights, the actions taken by the Department to date to rehabilitate and reunify, the recommendations of the guardian ad litem, the safety of the children, and the actions taken by the parents to engage themselves in a timely manner in the many services provided them.

[¶9]  The court heard ample evidence regarding the parents' actions since the jeopardy order was entered.  Specifying again that all findings were made by clear and convincing evidence, the court found that "[w]hen the children

came into care, the parents continued their unsafe [lifestyle], failed to alleviate jeopardy, and failed to recognize their need to understand the needs of their children and what role they play in the Department taking their children into care." The record supports the court's findings, to the clear and convincing evidence standard, that at least one ground of parental unfitness had been proved, *see* 22 M.R.S. § 4055(1)(B)(2)(b)(ii), and that termination of the parents' rights was in the children's best interests, *see* 22 M.R.S. § 4055(1)(B)(2)(a); *In re Thomas H.*, 2005 ME 123, ¶ 30, 889 A.2d 297.

The entry is:

Judgment affirmed.

---

Harold J. Hainke, Esq., Hainke & Tash, Whitefield, for appellant father

Aaron B. Rowden, Esq., Waterville, for appellant mother

Janet T. Mills, Attorney General, and Hunter C. Umphrey, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Skowhegan District Court docket numbers PC-2017-19 and -20
FOR CLERK REFERENCE ONLY