MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2019 ME 63
Docket:      Cum-18-478
Submitted
  On Briefs: April 24, 2019
Decided:     May 2, 2019

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.


IN RE CHILDREN OF MELISSA S.


PER CURIAM

[¶1]  Melissa S. appeals from a judgment of the District Court (Portland, *Eggert, J.*) terminating her parental rights to her three children.[1]  The mother advances no argument on appeal, and after reviewing the evidence in this case, we affirm the court's judgment.

## I.  BACKGROUND

[¶2]  In November 2018, the court held a hearing on the Department of Health and Human Services' petition to terminate the mother's parental rights to her three children.  *See* 22 M.R.S. §§ 4052, 4054 (2018).  Following the hearing, the court issued a judgment terminating the mother's parental rights after finding, by clear and convincing evidence, that the mother is unable to protect the children from jeopardy or take responsibility for the children within

---

[1] Although the father's parental rights were also terminated, he has not appealed from the court's judgment, and therefore we focus only on the procedural history and findings regarding the mother.

a time reasonably calculated to meet their needs, that the mother failed to make a good faith effort at reunification, and that termination of the mother's parental rights is in the children's best interests. *See* 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i), (ii), (iv) (2018).

[¶3] The court based its determination on the following findings of fact, all of which are supported by competent evidence in the record.

> Mother has signed releases for the Department and completed a parenting education program, but has not successfully completed any other elements of her plan. She has done some of the random drug screens required, but failed to attend one mandated after a September 2018 Family Team Meeting, and presented a false sample at a July 26, 2018 screen. She also failed the screens done on May 26, 2018. She has not consistently visited with the children and has not seen them since June 9, 2018. She has sporadically attended some [counseling] with various counselors but has not been in a consistent program, and she has had neither a substance abuse nor a psychological evaluation. She has also not participated in a program of individual therapy specifically to gain insight into the effect of domestic violence on children. The plan has been in effect for fifteen months at this point and she [has] not at this time . . . lined up any of the [counseling] services she still needs to complete. The children have now been out of her care for twenty months and the best she has been able to do during that time is to have supervised visits with them, and at that, inconsistently, with a total absence of contact for the past five months.

> At the present time mother does not have any housing suitable for the children. She reports that she is living at times with her sister . . . and at times with a friend . . . . Neither situation would be adequate for the children. She has not reported any employment, nor did she explain in any detail what she does with

her time. When asked about what the children need from her if she were to resume care of them, she mentioned only participating in holidays, baking and sharing cookies and cakes, getting to doctors and dentists, and going to school. She did not articulate any other needs of daily life for the care of a 10 year old, a 5 year old, and an 18 month old. This comes after having completed a parenting course . . . . She is clearly not ready to resume care of these three children.

. . . .

When [the middle child] came into [Department] custody he had very limited vocabulary for a three year old, and speech difficulties. He had not had appropriate medical care and checkups while with his parents. Since being placed with other family members he has had the benefit of occupational therapy, physical therapy, and speech therapy, and has had appropriate medical and dental care which is now up to date. He has made great strides in improving his speech and motor coordination. . . .

[The youngest child] was born drug affected and has had some developmental delays. At present he is not yet verbal, but has begun to take a few steps, and coming closer to meeting other developmental milestones.

[¶4] The mother timely appealed the court's judgment. *See* 22 M.R.S. § 4006 (2018); M.R. App. P. 2B(c)(1). In January 2019, counsel for the mother filed an appellate brief following the process we have laid out for when counsel does not believe that there are any arguable issues of merit on appeal in an appeal from an order terminating parental rights. *See In re Children of Bradford W.*, 2019 ME 15, ¶ 6, 200 A.3d 1256 (citing *In re M.C.*, 2014 ME 128, ¶ 7, 104 A.3d 139).

4

[¶5] Counsel's brief outlined the factual and procedural history of the case and included a statement that, "after having thoroughly reviewed the case file, the transcript . . . and the [a]ppendix," counsel "believes, in good faith, that there are no arguable issues of merit for this appeal." Counsel's brief was accompanied by a request that the mother be permitted an enlargement of time to allow her to personally file a supplemental brief, which we granted. Although informed of her right to do so, the mother did not file a supplemental brief, and we granted the Department's request to consider this appeal without briefing from the Department.

## II. DISCUSSION

[¶6] The record supports the court's findings, by clear and convincing evidence, that the mother is unable to protect the children from jeopardy or take responsibility for them within a time reasonably calculated to meet their needs. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i), (ii); *In re Child of Everett S.*, 2018 ME 93, ¶ 3, 189 A.3d 240; *In re Thomas D.*, 2004 ME 104, ¶ 21, 854 A.2d 195. The record also supports the court's finding that the mother has failed to make a good faith effort toward reunifying with her children. *See* 22 M.R.S. §§ 4041(1-A)(B), 4055(1)(B)(2)(b)(iv) (2018). Finally, there is no error or abuse of discretion in the court's conclusion that termination of the mother's

parental rights is in the children's best interests. *See* 22 M.R.S. § 4055(1)(B)(2)(a); *In re Thomas H.*, 2005 ME 123, ¶¶ 16-17, 889 A.2d 297.

The entry is:

Judgment affirmed.

---

Erika S. Bristol, Esq., Auburn, for appellant Mother

The Department of Health and Human Services did not file a brief

Portland District Court docket numbers PC-2017-32 & PC-2017-41
FOR CLERK REFERENCE ONLY